706 S.E.2d 512

**In the Matter of David Harrison SMITH, II, Respondent.**

**No. 26934.**

Supreme Court of South Carolina.

Submitted Jan. 24, 2011.

Decided Feb. 22, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

David Harrison Smith, II, of Rincon, Georgia, pro se.

## DISBARRED

PER CURIAM.

This attorney disciplinary matter is before the Court pursuant to the reciprocal disciplinary provisions of Rule 29, RLDE, Rule 413, SCACR.

Respondent was admitted to the South Carolina Bar on November 17, 2003,[1] and to the Georgia Bar on November 22, 2005. On November 1, 2010, the Supreme Court of the State of Georgia disbarred respondent. *In Re Smith*, 288 Ga. 155, 702 S.E.2d 136 (2010).

The facts cited in the Supreme Court of Georgia's disbarment order provide that respondent failed to respond to the Notice of Investigation served on him by the Georgia State Bar. Thereafter, respondent failed to file a Notice of Rejection to the Notice of Investigation which, pursuant to Georgia Bar Rule 4–208.1(b), resulted in his deemed admission of the allegations, waiver of his rights to an evidentiary hearing, and the imposition of discipline as determined by the Supreme Court of Georgia.

According to the order, the Notice of Investigation alleged a client retained respondent in early 2009 to represent her in an

---

1. On April 4, 2010, the South Carolina Supreme Court suspended respondent from the practice of law for failure to pay his 2010 license fees. On June 11, 2010, the Court suspended respondent from the practice of law for failure to comply with continuing legal education requirements.

uncontested divorce which respondent led the client to believe would be concluded shortly after the 30-day waiting period. On or about March 19, 2009, respondent cashed the client's $580.00 retainer check. When the client did not hear from respondent concerning the status of her case, she repeatedly attempted to contact him by telephone but was unsuccessful. In August 2009, the client contacted the clerk of court and learned no divorce action had been filed on her behalf. Around August 17, 2009, the client sent a letter to respondent by certified mail requesting an explanation, return of her file, and a refund of her fee. The letter went unclaimed and the client had no further communication from respondent.[2]

Further, as specified in the order, the Supreme Court of Georgia found that, in aggravation of discipline, respondent acted willfully and dishonestly, failed to respond in any manner to the disciplinary proceedings, and did not provide a current address to the State Bar.

Pursuant to Rule 29(a), RLDE, the Office of Disciplinary Counsel (ODC) submitted a certified copy of the Supreme Court of Georgia's Order of Disbarment to the Clerk. In accordance with Rule 29(b), RLDE, the Clerk provided the parties thirty (30) days in which to inform the Court of any reason why the imposition of identical discipline in this state was not warranted. Respondent did not file a response.[3]

After thorough review of the record, we hereby disbar respondent from the practice of law in this state. *See* Rule 29(d), RLDE. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

**2.** On September 1, 2009, respondent was suspended from the Georgia State Bar for failure to pay dues.

**3.** Further, respondent has failed to keep the Bar apprised of his current mailing address as required by Rule 410(e), SCACR.